UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**LESLEY KOONTZ obo J.S.**                                                                 **PLAINTIFF**

**vs.**                                                **Civil No. 4:19-cv-04081**

**ANDREW SAUL,**                                                                 **DEFENDANT**
**Commissioner, Social Security Administration**

**MEMORANDUM OPINION**

Lesley Koontz brings this action on behalf of J.S. ("Plaintiff"), a minor, pursuant to 42 U.S.C §405(g) (2010), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) finding she is no longer entitled to supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

---

[1] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 11, These references are to the page number of the transcript itself not the ECF page number.

1. **Background**:

On September 7, 2007, Plaintiff's mother protectively filed an application for childhood disability benefits on behalf of Plaintiff, who was 4 years old at the time. (Tr. 24, 217-23). Plaintiff was found disabled as of August 1, 2007. (Tr. 24). Plaintiff's disability was determined to have continued on April 24, 2014. *Id*. On July 7, 2017, the agency determined Plaintiff, then 14 years old, was no longer disabled as of July 1, 2017. (Tr. 24).

An administrative hearing was held on November 29, 2018. (Tr. 24, 44-57). At the administrative hearing, Plaintiff and Plaintiff's mother, Lesley Koontz, were present and waived the right to representation. *Id*. Plaintiff and Plaintiff's mother testified at this hearing. *Id*.

On February 8, 2019, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 21-43). In this decision, the ALJ considered the most recent favorable medical decision finding that Plaintiff continued to be disabled was the determination dated April 24, 2014, known as the comparison point decision (hereinafter "CPD"). (Tr. 27, Finding 1). The ALJ found at the time of the CPD Plaintiff had the medically determinable impairment of speech/language delays, which was found to medically equal section 102.10 of 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 27, Finding 2). The ALJ found Plaintiff had medical improvement as of July 1, 2017. (Tr. 27-28, Finding 3). The ALJ found that since July 1, 2017, the impairments Plaintiff had at the time of the CPD had not met or medically equaled section 102.10 of 20 CFR Part 404, Subpart P, Appendix 1 as that listing was written at the time of the CPD. (Tr. 28, Finding 4). The ALJ found Plaintiff had been an adolescent as of July 1, 2017 and continued to be an adolescent as of the date of his decision. (Tr. 28, Finding 5). The ALJ found that, since July 1, 2017, the impairments Plaintiff had at the time of the CPD had not functionally equaled the listing of impairments. (Tr.

28-33, Finding 6).  Next, the ALJ found Plaintiff had the severe impairments of speech/language delays and diabetes mellitus since July 1, 2017.  (Tr. 33, Finding 7).  The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled nor functionally equaled a listing.  (Tr. 33-35, Findings 8, 9).  The ALJ determined Plaintiff had no limitation in attending and completing tasks, interacting and relating with others, and moving about and manipulating objects; the ALJ determined Plaintiff had less than marked limitation in acquiring and using information, caring for herself, and health and physical well-being.  *Id*.  The ALJ found Plaintiff's disability ended as of July 1, 2017 and Plaintiff had not become disabled again since that date.  (Tr. 35, Finding 10).

Plaintiff requested that the Appeals Council's review the ALJ's unfavorable disability determination.  (Tr. 383-84).  On July 8, 2019, the Appeals Council declined to review the ALJ's disability determination.  (Tr. 1-4).  On July 25, 2019, Plaintiff filed the present appeal.  ECF No. 2.  The Parties consented to the jurisdiction of this Court on July 25, 2019.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 15, 18.  This case is now ready for decision.

**2.  <u>Applicable Law</u>**:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. §405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would

have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

A determination that a child is disabled requires the following three-step analysis. *See* 20 C.F.R. §416.924(a). First, the ALJ must consider whether the child is engaged in substantial gainful activity. *See* 20 C.F.R. § 416.924(b). If the child is so engaged, he or she will not be awarded SSI benefits. *See Id.* Second, the ALJ must consider whether the child has a severe impairment. *See* 20 C.F.R. § 416.924(c). A severe impairment is an impairment that is more than a slight abnormality. *See Id.* Third, if the impairment is severe, the ALJ must consider whether the impairment meets or is medically or functionally equal to a disability listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). *See* 20 C.F.R. § 416.924(d). Under the third step, a child's impairment is medically equal to a listed impairment if it is at least equal in severity and duration to the medical criteria of the listed impairment. 20 C.F.R. § 416.926(a). To determine whether an impairment is functionally equal to a disability included in the Listings, the ALJ must assess the child's developmental capacity in six specified domains. *See* 20 C.F.R. § 416.926a(b)(1). The six domains are: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. *See* 20 C.F.R. 416.926a(b)(1); *See also, Moore ex rel. Moore v. Barnhart*, 413 F.3d 718, 722 n. 4 (8th Cir. 2005).

If the child claiming SSI benefits has marked limitations in two categories or an extreme limitation in one category, the child's impairment is functionally equal to an impairment in the Listings. *See* 20 C.F.R. § 416.926a(d). A marked limitation is defined as an impairment that is "more than moderate" and "less than extreme." A marked limitation is one which seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. 416.926a(e)(2). An extreme limitation is defined as "more than marked," and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain, or complete activities. Day-to-day functioning may be very seriously limited when an impairment(s) limits only one activity or when the interactive and cumulative effects of the impairment(s) limits several activities. *See* 20 C.F.R. § 416.926a(e)(3).

The initial, crucial question in a cessation case such as this is whether the claimant's condition has improved since the prior award of disability benefits. *Nelson v. Sullivan*, 946 F.2d 1314, 1315 (8th Cir. 1991). "The claimant in a disability benefits case has a 'continuing burden' to demonstrate that [she] is disabled, … and no inference is to be drawn from the fact that the individual has previously been granted benefits." *Id.* (internal citation omitted); 42 U.S.C. §423(F). If a claimant meets this initial burden, the responsibility then shifts to the Commissioner to demonstrate that the claimant is not disabled. *Id.* (citing *Lewis v. Heckler*, 808 F.2d 1293, 1297 (8th Cir. 1987)). "If the government wishes to cut off benefits due to an improvement in the claimants medical condition, it must demonstrate that the conditions which previously rendered the claimant disabled have ameliorate, and that the improvements in the physical condition are related to claimant's ability to work." *Nelson*, 946 F.2d at 1315; 20 C.F.R. §404.1594(b)(2)-(5).

3. **<u>Discussion</u>:**

Plaintiff brings the following points on appeal: 1) Whether the ALJ's finding that Plaintiff did not meet listings 102.10, 112.06, 109.00, and 112.00 was not supported by substantial evidence; and 2) Whether the ALJ erred in failing to order IQ testing. ECF No. 15. The Commissioner argues substantial evidence supported the ALJ's finding that Plaintiff did not have an impairment or combination of impairments that met or functionally equaled a listing, and that the ALJ was not required to order IQ testing. ECF No. 18.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial

evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4. Conclusion**:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of July 2020**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE